IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. Action No. 2:14-000135-KD-N |
| ) | |
| TAKASHA STEVENSON, ) | |
|     Defendant. ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on defendant Takasha Stevenson's "Motion for Declaration of Indigency and Waiver of Fees" filed April 30, 2015. (Doc. 581)  The motion was referred to the undersigned by United States District Judge Kristi K. DuBose on May 7, 2015.  A hearing was held before the undersigned on May 18, 2015.[1]  Present at the hearing were defendant Takasha Stevenson, her retained counsel of record Michael P. Hanle, Esq., and Assistant United States Attorney Gloria Bedwell.  Upon consideration of the motion, the evidence presented during the hearing and the arguments of counsel, it is the recommendation of the undersigned that the defendant's motion for waiver of the transcript fee (Doc. 581) be GRANTED.

BACKGROUND

Stevenson moves the Court to waive the requirement that she pay the fees for a transcript of the proceedings before this Court on basis that she is indigent.[2]

---

[1] Section 310.10.20 of the Guide to the Judiciary provides, in pertinent part:

  (a) In responding to requests for services under 18 U.S.C. 3006A(e) by a person represented by retained counsel, the court should inquire into the fee arrangement between the retained attorney and the client.

[2] At the hearing, counsel for defendant clarified that the request was solely to waive the requirement for payment of the transcript of the proceedings in District Court.

At arraignment, Stevenson qualified for appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, and counsel (CJA Panel Attorney Tim Fleming) was appointed to represent her in the criminal proceedings in this Court (Doc. 125, Financial Affidavit; Doc. 128, Order appointing counsel from the Criminal Justice Act Panel of Attorneys). Following her conviction after a jury trial, her appointed counsel filed a notice of appeal. (Doc. 545)

Stevenson has now retained new counsel to represent her on appeal and represents to the Court that her family has paid his fee. In support of her motion to waive the fees for transcripts, Stevenson states, in sum, that no further funds are available from her family and that she is without means to pay the costs of the transcript.

ANALYSIS

Under the Criminal Justice Act, after an appropriate inquiry in an *ex parte* proceeding, the Court may authorize counsel to obtain transcripts if the Court finds that the transcripts are necessary and that the defendant is financially unable to purchase them. *See* 18 U.S.C. § 3006A(e) (providing for services other than counsel). "Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act, 18 U.S.C. § 3006A, . . . shall be paid by the United States[.]" 28 U.S.C. § 753(f).

At the time of her arrest, Stevenson was employed at a manufacturing plant. However, she qualified financially for appointment of counsel (Docs. 125, 128). Now that she has been sentenced and placed in the custody of the United States Marshal, she is no longer employed.[3] Thus, her financial status has not improved

---

[3] At the time of the hearing Stevenson was being housed in the Mobile County Metro Jail in Mobile, Alabama, awaiting designation by the Bureau of Prisons.

since that time. Stevenson states that her family paid the fees of her recently retained counsel but that no further funds are available for purchase of a transcript.

At the hearing, FBI Special Agent Craig Underwood testified regarding his criminal investigation, which included reviewing Stevenson's income tax returns for the years 2007 through 2013 (excluding 2009). Specifically, Agent Underwood noted that in the years 2011, 2012, and 2013, although reporting incomes of $29,652, $40,039 and $33,535, respectively, Stevenson also reported business losses of $12,777 (2011), $19,193 (2012) and $11,507 (2013). (Govt. Ex. 3). In addition, during the years 2010, 2011, 2012, and 2013, cash deposits (made in increments of $500.00 or more) totaling $60,000.00 were made to 3 bank accounts owned by defendant. (Govt. Ex. 2) Agent Underwood also noted that during Stevenson's trial on charges of money laundering, she testified that friends had given her large sums of cash and that the Government has been unable to account for this money. (Govt. Ex. 1) Finally, AUSA Bedwell proffered that Stevenson testified to, and evidence was admitted regarding, her personal assets and noted that a preliminary order of forfeiture for $25,270.00 has been entered in this case. (Doc. 555)

Counsel for defendant noted that she has been incarcerated since her sentencing on April 8, 2015, has lost her employment, and has no income. In addition, counsel noted that Stevenson is a single mother of two teenagers. Further, counsel elaborated on the information contained in the motion regarding his fee arrangement with Stevenson's sister and mother.[4] The undersigned finds that the fee arrangement is not unreasonable in relation to fees customarily paid to practitioners in the community for services in criminal matters of similar duration

---

[4] At this point in the hearing, AUSA Bedwell and Agent Underwood were excused from the proceedings. In addition, the recording of the hearing was ordered sealed.

3

and complexity. (Guide To Judiciary Policy, § 310.10.20(b)). Upon consideration of the motion, the evidence submitted during the hearing, and argument by counsel, the undersigned finds that Stevenson has met the requirements of financial inability to obtain the transcript and the necessity[5] of the services. Accordingly, it is the recommendation of the undersigned that Stevenson's motion for waiver of the transcript fee (Doc. 581) be **GRANTED**, subject to the provisions of 18 U.S.C. 3006A(e)(3).[6]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal

---

[5] Although not stated in the motion, at the hearing counsel advised that the transcripts are necessary for the appeal, and the court concurs. *See United States v. Ware,* 2010 WL 743032, *2 (M.D. Ala. Feb. 26, 2010) ("Counsel's need for the transcripts at the critical juncture after conviction and before sentencing is apparent to the Court.")

[6] "(3) Maximum amounts.--Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee thereof, shall not exceed $2,400, exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the court, or by the United States magistrate judge if the services were rendered in connection with a case disposed of entirely before him, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit. The chief judge of the circuit may delegate such approval authority to an active or senior circuit judge."

conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 22nd day of May 2015.

                              */s/ Katherine P. Nelson*
                              _____
                              **KATHERINE P. NELSON**
                              **UNITED STATES MAGISTRATE JUDGE**